```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

DONALD F. DAVIS,                  §
(TDCJ No. 1476692)                §
VS.                               §   CIVIL ACTION NO.4:08-CV-387-Y
                                  §
                                  §
JACK LYNCH,                       §
Parole Officer, et al.            §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Donald F. Davis's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Davis, an inmate at the Texas Department of Criminal Justice's, Pack I unit, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983. He names as defendants Jack Lynch, parole officer; L. Murff, parole unit supervisor; Ron Roberts; Sandy Pickell and Christina Popes, identified as with the "Texas Parole Board"; and A. Diekman. (Compl. Style; § IV(B).) Davis claims that while he was released on parole in August 2006 on a two-year sentence, he was arrested and charged with the new offense of manufacture and delivery of a controlled substance. After informing his parole officer, Jack Lynch, of the new charges, Davis was arraigned on a parole-violation warrant and kept in the Tarrant County jail. Davis alleges that the parole officials would not lift this "blue warrant," and that he was therefore unable to post bond and be released pending resolution of the new controlled-substance charge. (Compl., attachment "Claims" pages.) Davis alleges that he complained to parole officials when he did not timely receive a parole-revocation hearing. (Compl. attachment "Claims" pages; More Definite Statement (MDS) at ¶ 2.)

Davis filed an application for writ of habeas corpus in state court challenging the failure to timely provide him a preliminary hearing, and although the Texas Court of Criminal Appeals granted relief, it was in the form of directing the Texas Department of Criminal Justice, Parole Division, to give Davis a preliminary hearing within thirty days. *Ex parte Davis,* No. AP-75,777, 2007 WL 2949144, at *1 (Tex. Crim. App. Oct. 10, 2007);(Compl. attachment "Claims" pages; MDS ¶ 8.) Davis also contends that the delay in providing him a hearing effectively extended his parole beyond the discharge date for his original conviction, in violation of his right to due process of law. Davis acknowledges that he was convicted on November 15, 2007, of possession of a controlled substance four to two-hundred grams, and assessed a twenty-five year sentence with credit for the one year, two months and twenty-two days prior to his conviction. (MDS ¶¶ 10, 13). He also acknowledges that the revocation proceedings resulted from a charge of delivery/manufacture of a controlled substance. (MDS, attachment.) Davis seeks "$1,000,000 for illegally making [him] serve more time on [his] two year sentence . . . ." (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

2

be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5]

The Court concludes that Davis's claims for monetary damages are not cognizable under 42 U.S.C. § 1983. Plaintiff seeks from this Court monetary damages for the time he was incarcerated pending a parole-violation warrant arising from charges for delivery/manufacture of a controlled substance. In *Heck v. Humphrey*,[6] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance

---

[2]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6]512 U.S. 477, 486-87 (1994).

of a writ of habeas corpus."[7] Plaintiff's request to have this Court award monetary damages for the alleged violations of his right to due process of law during the parole-revocation proceedings, if successful, necessarily would imply the invalidity of his incarceration. Thus, such claims are not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. Plaintiff remains in custody and has not shown that the complained-of imprisonment has been invalidated by a state or federal court.[8] Although Davis received relief in a state application for writ of habeas corpus, it was only as to granting an out-of-time preliminary hearing. Davis has never obtained a ruling dismissing or invalidating the charges upon which the parole-violation warrant was based, rather, he was found guilty of the offense of possession of a controlled substance. Further, Davis had never obtained a determination that parole officials violated his constitutional rights or caused him to serve time beyond the date of discharge of the original sentence.[9] As a result, Plaintiff's claims are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[10]

---

[7] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[8] *See McGrew v. Texas Bd. of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir. 1995). Although

[9] Although Davis filed an application for writ of mandamus with the Texas Supreme Court, that petition was denied. *In re Donald F. Davis,* No. 08-0071, (Tex. May 16, 2008.)

[10] *See Heck*, 512 U.S. at 487-88; *McGrew*, 47 F.3d at 161.

4

Therefore, under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), all of Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met.[11]

SIGNED January 26, 2009.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[11]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).